IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Justin Moon,<br><br>              Plaintiff,<br><br>v.<br><br>Amber Jovanelly; Southern Dreams Realty, LLC,<br><br>              Defendants. | C/A No.: 3:25-cv-4021-SAL<br><br><br>**ORDER** |

      This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the complaint be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. [ECF No. 6.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 6. Plaintiff has not objected to the Report, and the time to do so has expired.

      The Report explains that this court lacks subject matter jurisdiction over this matter, as Plaintiff's claims do not fall within the scope of this court's limited jurisdiction—as noted in the Report, Plaintiff has failed to demonstrate federal question jurisdiction exists, nor has he pleaded diversity jurisdiction.[1] *Id.* at 3–5.

---

[1] Plaintiff invokes the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, but this mere invocation, along with Plaintiff's reference to "other federal protections afforded to tenants," is insufficient for federal question jurisdiction to attach. Further, Plaintiff does not plead the citizenship of the parties or the amount in controversy, so diversity jurisdiction is not established.

1

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 6, it is adopted and incorporated. Accordingly, this action is **SUMMARILY DISMISSED** without prejudice and issuance and service of process.

**IT IS SO ORDERED.**

July 18, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge